## NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Negotiated Settlement Agreement and Release ("Agreement") is made by and between A-1 TREE & SHRUB SERVICE, INC., on its own behalf and on behalf of its divisions, branches, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, predecessors, successors and assigns, and their past and present owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, insurers, representatives, fiduciaries and agents in their individual and/or representative capacities ("A-1"), LARRY GARAFOLA, on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns ("GARAFOLA") (A-1 and GARAFOLA are hereinafter collectively referred to as the "Defendants"), and WILFREDO OTERO ("Plaintiff"), on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns (Plaintiff and Defendants are hereinafter collectively referred to as the "Parties").

WHEREAS, Defendants and Plaintiff are parties to a lawsuit in the United States District Court for the Eastern District of New York, entitled *Otero v. A-1 Tree & Shrub Service, Inc. et al.*, 15 CV 3794 (ADS)(ARL) (the "Civil Action");

WHEREAS, in the Civil Action, Plaintiff has asserted claims under the Fair Labor Standards Act and the New York State Labor Law seeking unpaid overtime wages, liquidated damages, statutory damages, attorneys' fees and costs, and interest, and for breach of contract seeking unpaid prevailing wages and supplemental benefits, interest, costs, and attorneys' fees (together with all other claims Plaintiff has asserted or could assert relating to the payment of wages and benefits, the "Wage and Hour Claims");

WHEREAS the Defendants and the Plaintiff to that lawsuit wish to reach a compromise of that Civil Action;

WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, professional employer organizations, administrators, executors, attorneys, insurers, representatives, fiduciaries, agents, and assigns, individually and in their official capacities, including but not limited to, A-1 and GARAFOLA deny each and every assertion of wrongdoing with respect to the Plaintiffs;

WHEREAS, the Parties understand and agree that neither the making of this Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, prevailing wage law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, the Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein which pertain to Defendants and the full payment due from Defendants as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the Complaint; and

WHEREAS, the terms and conditions of this Agreement have been explained to the Parties by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

1. Release of Claims. In consideration for the payment of TWENTY-ONE THOUSAND DOLLARS ($21,000.00) ("the Settlement Amount") as set forth in Paragraphs 3.1 and 3.2. herein, Plaintiff hereby completely, irrevocably and unconditionally releases, waives and forever discharges any and all claims, charges, complaints, judgments, or liabilities of any kind against Defendants, their heirs, executors, administrators, estate, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, accountants, insurers, fiduciaries, representatives, and agents thereof both individually and in their business capacities (collectively referred to as "RELEASEES"), whether known or unknown, which against the RELEASEES, Plaintiff or Plaintiff's heirs, executors, administrators, successors, and/or assigns, may now have or hereinafter can, shall or may have from the beginning of time until the date of the complete execution of this Agreement, including, without limitation, the Wage and Hour Claims, all claims arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, *et seq.*, the New York Labor Law §§230, *et seq.*, the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, all claims for breach of contract, compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread of hours pay, split shift pay, call in pay, vacation pay, sick pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, medical, dental, life or disability insurance coverage, or any other fringe benefit, any other claims that were or could have been asserted in the Civil Action, and all claims relating to Plaintiff's employment and/or termination of employment with Defendants.

2. COURT APPROVAL AND EFFECTIVENESS OF SETTLEMENT

2.1 Motion for Court Approval of FLSA Settlement.

    (A) On or before July 27, 2016, Plaintiff will file a Motion for an Order Approving the Settlement of Plaintiffs' Wage and Hour Claims (the "Approval Motion").

(B)  In their Approval Motion, Plaintiff shall request that the Court approve the settlement of the Wage and Hour Claims as final, fair, reasonable, adequate, and binding on all Plaintiffs, and shall dismiss the Civil Action with prejudice and without attorneys' fees or costs to any party except as provided in this Agreement.

(C)  If the Court denies the Approval Motion either in part or in its entirety, then the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement, if any. Should such efforts be unsuccessful and/or denied, the Civil Action will proceed as if no settlement had been attempted, and the Parties will retain all of their respective rights in those proceedings.

(D)  The Parties will work together, diligently and in good faith, to obtain expeditiously a final Order approving the settlement and dismissing this Civil Action with prejudice.

(E)  All payments required by Paragraph "3" hereof from Defendants shall be delivered to Plaintiffs' counsel within ten (10) days of receipt by Defendants' counsel of a final Order of the Court approving the settlement and dismissing this Civil Action with prejudice. To the extent that Court rejects the settlement and/or fails to issue an order dismissing this Civil Action with prejudice then Defendants shall have no obligation to provide the payments specified in Paragraph "3" hereof.

2.2  **Effectiveness.** This Agreement shall be effective only when (a) this Agreement is executed by all Parties; and (b) a final Order of the Court has been issued approving the settlement and dismissing this Civil Action with prejudice; provided, however, that the provisions of Paragraph 2 of this Agreement shall become effective immediately upon execution of this Agreement by Defendants and Plaintiff. The "Effective Date" shall be the first business day after the conditions precedent in this Paragraph all are satisfied.

3.  SETTLEMENT TERMS

3.1  Settlement Amount – Payable to Plaintiff.

(A)  Defendants agree to pay the Settlement Amount, which shall fully resolve and satisfy any and all amounts to be paid to Plaintiffs and any and all claims for attorneys' fees and costs in respect of this Civil Action. Other than the employer payroll taxes described in Paragraph 3.3(C), Defendants will not be required to pay more than the Settlement Amount under the terms of this Agreement. The Settlement Amount shall comprise all amounts payable under Paragraphs 3.1(B) and 3.2 of this Agreement.

(B)  From the Settlement Amount, Plaintiff is entitled to receive a payment in the gross amount of $17,000.00, representing alleged lost wages of $8,500.00 and claimed interest and/or liquidated damages of $8,500.00.

    3.2    Settlement Amount - Payable as Attorneys' Fees and Costs. From the Settlement Amount, Defendants agree to pay to Plaintiff's Counsel $4,000.00, which represents reimbursement of attorneys' fees in the amount of $3,400.00 and $600.00 in costs incurred by Plaintiff in connection with the Civil Action. Such amount will be payable in a single check made payable to "Neil Greenberg & Associates, P.C." The Parties agree no other attorneys' fees and costs to Plaintiffs' attorneys are due or owing in connection with this Civil Action.

    3.3    Tax Characterization.

        (A)    For tax purposes, 50% (fifty percent) of payments to Plaintiff pursuant to Paragraph 3.1 shall be treated as back wages and 50% (fifty percent) of such payments shall be treated as interest and/or liquidated damages. Plaintiff shall provide to Defendants on or before the Effective Date completed and executed IRS Forms W-4 and W-9. Plaintiff's counsel shall provide to Defendants on or before the Effective Date a completed and executed IRS Form W-9. No payment shall be issued under this Agreement until executed IRS Forms W-4 and W-9 are tendered.

        (B)    Payments treated as back wages pursuant to Paragraph 3.3(A) shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. Payments treated as interest and/or liquidated damages pursuant to Paragraph 3.3(A) shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099. Payments of attorneys' fees and costs pursuant to Paragraph 3.2 shall be made to Plaintiff's Counsel without withholding and reported on an IRS Form 1099 under the payee's name and taxpayer identification.

        (C)    Defendant A-1 shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages pursuant to Paragraph 3.3(A). Any such payroll taxes ordinarily borne by the employer shall be paid by A-1 in addition to the Settlement Amount, and shall not be paid out of the Settlement Amount. Neither A-1 nor any other Defendant shall be responsible for (i) any payroll taxes imposed on employees, rather than employers, (ii) any taxes imposed on the portion of the payments to Plaintiff treated as payment of interest and/or liquidated damages reported on Forms 1099, or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiff's Counsel under this Agreement.

    (D)    Plaintiff acknowledges and agrees that, except as specified in Paragraph 3.3(C), he will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement. Additionally, Plaintiff agrees to indemnify and hold Defendants harmless for any and all federal, state, and local taxes, interest, charges, and penalties that are due, may become due or are otherwise assessed against Plaintiff at any time with respect to any portion of the Settlement Amount received by Plaintiff, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Paragraph 3.3(C).

    (E)    The employee portion of all applicable income and payroll taxes will be the responsibility of the Plaintiff.

3.4    Settlement Checks. Subject to the provisions of Paragraphs 2.1 and 3.3 above, the payments referenced in Paragraphs 3.1 and 3.2 above shall be delivered by Defendant A-1 to the Plaintiff's counsel, Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, NY 11758. In the event that the payments referenced in Paragraphs 3.1 and 3.2 above are not received by the payment date described in Paragraph 2.1(E), Plaintiff's counsel shall serve a written notice ("Default Notice") upon counsel for the Defendants via facsimile and e-mail, and the Defendants shall have ten (10) days from receipt of same to cure the default by making such payment. Upon Defendants' failure to cure a default within ten (10) days of receipt of the Default Notice, counsel for Plaintiff shall be entitled to enter judgment against the Defendants in the amount of $21,000.00, less any sums paid on account hereunder.

4.    Representations and Warranties of Plaintiff. By signing this Agreement, Plaintiff acknowledges and agrees that:

    (A)    He has been afforded a reasonable and sufficient period of time for review, for deliberation thereon and for negotiation of the terms of this Agreement, and he has been specifically advised to consult with legal counsel or a representative of his choice, had the opportunity to do so and has, in fact, done so by consulting with Plaintiff's Counsel;

    (B)    He has read and understands the terms of this Agreement, all of which have been fully explained to him;

    (C)    He is not affected by any condition, drug, alcohol or medication that would interfere with or impair his ability to understand this Agreement;

    (D)    He has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

    (E)    The only consideration for signing this Agreement is the terms stated herein and no other promise, agreement or representation of any kind has been made to Plaintiff by any person or entity whatsoever to cause him to sign this Agreement;

(F) He has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim in this Civil Action, and has full authority to enter into this Agreement and the release contained in Paragraph 1 above;

(G) He was not subjected to any discriminatory or retaliatory treatment by Defendants on any basis at any time; and

(H) Upon payment of the amounts due pursuant to Paragraph 3 above, Plaintiff will have been paid in full for all time worked in connection with his employment with Defendants and Plaintiff is owed no other amounts or forms of compensation, including, but not limited to, any wages, overtime, minimum wage, prevailing wages, supplemental benefits, spread of hours pay, split shift pay, call in pay, vacation pay, sick pay, holiday pay, accrued benefits, severance, bonus, and commission from Defendants.

5. The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiff unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any right or obligation that they may owe or may have owed to the Plaintiff. The Parties acknowledge that Defendants agreed to this Agreement with the understanding that the terms have been reached because this settlement will (i) avoid the further expense of litigation, and (ii) put the claims in this Civil Action to rest. Nothing in this Agreement shall be deemed or read as an admission by any RELEASEE of liability or damages.

6. If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible.

7. Plaintiff represents that he has not filed any administrative complaints or charges with any federal, state and local agencies/administrative bodies against the Defendants, and that he has not filed any lawsuits, arbitrations, or actions against the Defendants, other than this Civil Action. Plaintiff further represents that he will not file or pursue any other complaints, lawsuits, charges, claims, demands, appeals or actions of any kind in any forum (including, without limitation, court, administrative or governmental agency, arbitration) against the Defendants for any compensation or remuneration of any kind, wages, overtime, prevailing wages and supplemental benefits, improper deductions, accrued benefits, the Wage and Hour Claims asserted in this Civil Action, and all claims arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, *et seq.*, the New York Labor Law §§230, *et seq.*, the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, up to the date of this Agreement.

8. Plaintiff agrees to not make any oral or written communication of a false or defamatory nature to any person or entity which disparages Defendants in any way. Moreover, Defendant GARAFOLA agrees not to make any oral or written communication of a false or

defamatory nature to any person or entity which disparages Plaintiff in any way. Defendants agree that they will respond to any requests for an employment reference regarding Plaintiff by stating the following, and only the following: Plaintiff's dates of employment and job title.

9. Plaintiff acknowledges that his employment with Defendants has ended. Plaintiff further voluntarily and unequivocally acknowledges and agrees that by entering into this Agreement, he voluntarily and knowingly waives any and all rights to re-employment with Defendants, and will not seek employment with Defendants or either one of them or any entity owned or controlled by either one of them at any time. Plaintiff understands that, to the extent permitted by law, Plaintiff waives all rights to redress for any rejection of such future applications for re-employment by or reinstatement with such entities or persons. Plaintiff understands that if he applies to work for the Defendants or either one of them or any entity owned or controlled by either one of them at any time, the Defendants, based on this paragraph, may deny Plaintiff employment for any position the Plaintiff seeks and that such denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be deemed retaliatory in any way.

10. Plaintiff represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or portion thereof or interest therein, including, but not limited to, any interest in the Civil Action.

11. **Plaintiff is hereby advised to retain an attorney for the purpose of reviewing the Agreement, represents and warrants that he has in fact retained attorneys (Neil Greenberg & Associates, P.C.) for the purpose of reviewing this Agreement, know that he is giving up important rights, has carefully read and fully considered the terms of this Agreement, has had ample opportunity to negotiate the terms of this Agreement through his attorneys, has had ample opportunity to discuss the terms of the Agreement with attorneys or advisors of his own choosing, agrees to all of the terms of this Agreement, intends to be bound by them and to fulfill the promises set forth herein, and voluntarily and knowingly enters into this Agreement with full understanding of its binding legal consequences and has executed this Agreement voluntarily, knowingly and with such advice from his attorneys as he deems appropriate.**

12. Enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

13. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

14. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

15. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

16. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties entering into this Agreement, unless otherwise expressly stated.

17. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval to this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

18. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

19. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders.

20. The Parties agree that should there be any ambiguity with respect to the interpretation of this Agreement, no inference will be drawn against the drafter of this Agreement. The Agreement will be interpreted by the trier of fact, without regard to the identity of the drafter of the Agreement.

21. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action.

22. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

23. This Agreement supersedes all prior agreements or understandings of any kind, whether oral and written, and represents the entire Agreement. This Agreement is intended to provide a memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the Parties to this Agreement. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof.

**THEREFORE**, the Parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 7/25/2016

_____
WILFREDO OTERO

STATE OF NEW YORK  )
                                     )ss.:
COUNTY OF Nassau )

On July 25, 2016 before me personally came to me WILFREDO OTERO, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

A-1 TREE & SHRUB SERVICE, INC.

Dated: 7/26/16

_____
By:   Larry Garafola

STATE OF NEW YORK  )
                                     )ss.:
COUNTY OF Nassau )

On July 26, 2016 before me personally came LARRY GARAFOLA, to me known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, on behalf of A-1 TREE & SHRUB SERVICE, INC., and duly acknowledged to me that he executed the same.

Thomas Villani
Notary Public, State of New York
No. 01VI6096931
Qualified in Nassau County
My Commission Expires
August 11, 20_19_

_____
Notary Public

Dated: 7/26/16

_____
LARRY GARAFOLA

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF Nassau    )

On _July 26_____, 2016 before me personally came to me LARRY GARAFOLA, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

Thomas Villani
Notary Public, State of New York
No. 01VI6096931
Qualified in Nassau County
My Commission Expires
August 11, 20_19_

563641_2                                10